1 | RICHARD C. JOHNSON (SBN 40881)
KRISTEN McCULLOCH (SBN 177558)
2 | SHAAMINI A. BABU (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
3 | 44 Montgomery Street, Suite 2110
San Francisco, CA 94104
4 | (415) 882-7900
(415) 882-9287 – Facsimile
5 | djohnson@sjlawcorp.com
kmcculloch@sjlawcorp.com
6 | sbabu@sjlawcorp.com

7 | Attorneys for Plaintiffs

FILED

08 JUL 29 AM 9: 33

RICHARD W. WIEKING
U.S. DISTRICT COURT
CALIFORNIA

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | NORTHERN CALIFORNIA GLAZIERS
PENSION TRUST FUND, DOUGLAS
11 | CHRISTOPHER, Trustee, and JOHN
MAGGIORE, Trustee,

12 |

  Plaintiffs,
13 |

vs.
14 |

SAFESHIELDS INCORPORATED, a
15 | California Corporation, d.b.a. G D H and M A
Z & G D H,
16 |

  Defendant.
17 |

CV 08: 3610 JCS

COMPLAINT

18 |

## INTRODUCTION

19 |

20 | 1.     This action arises under the Employee Retirement Income Security Act of 1974

21 | ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C

22 | §§ 1001-1461 (1982)).  Defendant Safeshields Incorporated was a participating employer in the

23 | Northern California Glaziers Pension Trust Fund ("Trust").  Plaintiffs allege that in August 2004

24 | Defendant Safeshields Incorporated withdrew from participation in the Trust, which thereby

25 | triggered the Trust to assess withdrawal liability against Defendant Safeshields Incorporated in the

26 | sum of $8,873.   By letter dated June 25 2007, Plaintiffs notified Defendant Safeshields

27 | Incorporated of the assessed withdrawal liability and that payment thereof could be made in full or

28 | in five (5) quarterly payments beginning July 1, 2007.  Under the statutory provisions of ERISA,

**COMPLAINT**
Case No.

P:\CLIENTS\GLAPP\Cases\Safeshields\Complaint 072808.DOC

1  the entire amount of withdrawal liability becomes immediately due and payable if Defendant

2  Safeshields Incorporated defaults on its withdrawal liability payments.  On January 31, 2008,

3  Plaintiffs notified Defendant Safeshields Incorporated that it would be in default if it failed to cure

4  its non-payment within sixty (60) day pursuant to ERISA.  As of the filing of the Complaint, no

5  withdrawal liability payment has been received by the Trust.

6       2.       Plaintiffs, therefore, seek a money judgment against Defendant Safeshields

7  Incorporated and each member of its control group for an award of the entire assessed withdrawal

8  liability plus interest, liquidated damages, attorneys' fees and costs.  Plaintiffs also seek injunctive

9  relief against Defendant Safeshields Incorporated to provide adequate information to ascertain the

10  members of any control group.

11                              **PARTIES**

12       3.       The Trust is an employee benefit plan as defined in ERISA Section 3(3) (29 U.S.C.

13  §1002(3)), an "employee benefit pension plan" as defined in of ERISA Section 3(2) (29 § U.S.C.

14  1002(2)); and a "multiemployer plan" as defined in ERISA Sections 3(37) and 4001(a)(3) (29

15  U.S.C. §§ 1002(37) and 1301(a)(3)).  The Trust is jointly administered and is maintained pursuant

16  to the Labor Management Relations Act Section 302(c) (29 U.S.C. § 186(c)).

17       4.       Plaintiffs Douglas Christopher and John Maggiore are members of the Board of

18  Trustees of Trust, the "plan sponsor" within the meaning of ERISA Sections 3(16)(B)(iii) and

19  4001(a)(10)(A) (29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A)), and are therefore fiduciaries

20  of the Trust under ERISA Sections 3(21)(A) and 402(a) (29 U.S.C. § 1002(a)).  As Trustees of the

21  Trust they are empowered to bring this action on behalf of the Trust pursuant to ERISA Section

22  4301(a)(1) - (b) and § 502(a)(3) (29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) - (b)).

23       5.       Defendant Safeshields Incorporated is a California corporation, doing business as

24  (d.b.a.) G D H and/or M A Z & G D H, with its principal place of business located in Emeryville,

25  California.  Defendant Safeshields Incorporated is an employer within the meaning of ERISA

26  Section 3(5) of (29 U.S.C. § 1002(5)) and National Labor Relations Act ("NLRA") Section 2(2)

27  (29 U.S.C. § 152(2)), and is engaged in an industry affecting commerce within the meaning of

28

**COMPLAINT**
Case No.

1  ERISA Section 3(11) and (12) (29 U.S.C. § 1002(11) and (12)).    Defendant Safeshields

2  Incorporated had employees who were jointly represented by the Union, defined below, for the

3  purposes of collective bargaining.  Defendant Safeshields Incorporated and all members of its

4  control group are treated as a single employer pursuant to ERISA Section 4001(b)(1) (29 U.S.C.

5  §1301(b)).  As such, each member of the control group is jointly and severally liable for their

6  respective withdrawal liability and the withdrawal liability of each other member of the control

7  group.

### JURISDICTION

9      6.      Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs

10 by virtue of Sections 4301(c) and 502(e)(1) and (f) of ERISA (29 U.S.C. §§ 1451(c) and

11 1132(e)(1) and (f)).  Plaintiffs seek to enforce the provisions of ERISA and the terms of the

12 pension plan, seek redress for Defendants' violations of ERISA, and seek all other appropriate

13 legal or equitable relief under ERISA.

### VENUE

15     7.   .   Venue is conferred upon this Court by ERISA Sections 4301(c) and 502(e)(1) (29

16 U.S.C. §§ 1451(d) and 1132(e)(2)).  Where an action is brought under ERISA Sections 4301 and

17 502 (29 U.S.C. §§ 1451 and 1132) in a district court of the United States, it may be brought at

18 Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or

19 where a defendant resides or may be found, and process may be served in any other district where

20 a defendant resides or may be found.  The Trust, on whose behalf the Trustees brings this action,

21 is administered in this district at its principal place of business in San Francisco, California.  Thus,

22 jurisdiction and venue are properly grounded with this Court.

### FACTUAL ALLEGATIONS

24     8.      This action arises under the ERISA, as amended by the Multiemployer Pension

25 Plan Amendments Act of 1980 (29 U.S.C §§ 1001-1461 (1982)).

26     9.      Defendant was a participating employer in the Trust beginning in 2002 pursuant to

27 a collective bargaining agreement ("Bargaining Agreement") with District Council No. 16,

28

3

**COMPLAINT**

P:\CLIENTS\GLAPP\Cases\Safeshields\Complaint 072808.DOC                                          Case No.

1 │ International Union of Painters and Allied Trades, Glaziers, Architectural Metal and Glass

2 │ Workers Local Union 169 of Oakland, Local 718 of San Francisco, and Local 1621 of San Jose

3 │ ("Union"). The Union is a labor organization as defined in of the NLRA Section 2(5) (29 U.S.C.

4 │ § 152(5)) that represents employees in an industry affecting interstate commerce. Defendant was

5 │ obligated to and did make contributions to Trust on behalf of their employees that were covered

6 │ under the Bargaining Agreement.

7 │       10.     On or about August 2004, Defendant made a complete withdrawal under ERISA

8 │ Section 4203(b) (29 U.S.C. § 1383(b)) from participation in the Trust, which thereby made it

9 │ liable to Trust for withdrawal liability.

10 │       11.     By letter dated June 25, 2007, Plaintiffs notified Defendant of the withdrawal

11 │ liability assessed against it pursuant to ERISA Sections 4201- 4203 (29 U.S.C. § 1381 et seq.).

12 │       12.     Specifically, the Trust notified Defendant of the following in its June 25, 2007,

13 │ letter:

14 │       (a)     The Plan had a fiscal year running from July 1 through June 30 and

15 │ therefore, the withdrawal liability is calculated as of June 30, 2006, as required by ERISA

16 │ Sections 4211(b)(2)(A) (29 U.S.C. § 1391(b)(2)(A)).

17 │       (b)     The withdrawal liability of Defendant in the amount of $8,573 was payable

18 │ in quarterly installments as follows:

19 │              July 1, 2007              $1,841.00

20 │              November 1, 2007          $1,841.00

21 │              January 1, 2008           $1,841.00

22 │              April 1, 2008             $1,841.00

23 │              July 1, 2008              $1,300.00

24 │       (c)     Defendant could either pay the full amount as a lump sum or make the five

25 │ (5) quarterly payments.

26 │       (d)     Defendant had the option of challenging the calculation of the withdrawal

27 │ liability by requesting review within ninety (90) days from receiving the notice of the withdrawal

28 │

4

**COMPLAINT**

P:\CLIENTS\GLAPP\Cases\Safeshields\Complaint 072808.DOC                    Case No.

1  liability assessment as provided by ERISA Section 4219(b)(2) (29 U.S.C. § 1399(b)(2)).

2        (e)    Any dispute concerning a determination of withdrawal liability must be

3  resolved through arbitration provided that arbitration was timely requested under ERISA Section

4  4221(a) (29 U.S.C. § 1401(a)).

5        13.    Defendant failed to make any of the required payments, request review, or initiate

6  arbitration.

7        14.    By a letter dated January 31, 2008, Plaintiffs notified Defendant that it was

8  delinquent on all withdrawal liability installment payments due from July 1, 2007, through

9  January 1, 2008.  Further, Plaintiffs stated that Defendant would be in default if it failed to cure its

10  non-payment within sixty (60) days and thus, the entire sum of $8,573 plus eight percent (8%)

11  interest would become due pursuant to ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)) and

12  the applicable trust agreements.

13        15.    As of the filing of the Complaint, no withdrawal liability payments have been

14  received by the Trust from the Defendant.

15                    **FIRST CAUSE OF ACTION**

16                  **For Payment of Entire Withdrawal Liability**

17        16.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

18        17.    Defendant made a "complete withdrawal" from the Trust as that term is defined in

19  ERISA Section 4203(a) (29 U.S.C. § 1383(a)).

20        18.    Plaintiffs assessed withdrawal liability against Defendant and thereafter, provided

21  the requisite sixty (60) day notice to cure pursuant to ERISA Section 4219(c)(5) of (29 U.S.C. §

22  1399(c)(5)).

23        19.    To date, no payments have been received from Defendant and the sixty (60) day

24  period for cure has elapsed.  Thus, Defendant and each other member within its control group are

25  in default under Sections 4219(c)(5) and 4001(b)(1) of ERISA (29 U.S.C. §§ 1399(c)(5)and

26  1301(b)).

27        20.    In the event of default, Plaintiffs are entitled to accelerate withdrawal liability

28

5

P:\CLIENTS\GLAPP\Cases\Safeshields\Complaint 072808.DOC

Case No.

**COMPLAINT**

1  payment under ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)).  Accordingly, Plaintiffs seek

2  judgment against Defendant and each other member within its control group for the entire amount

3  of the outstanding withdrawal liability due, plus accrued interest pursuant to ERISA Section

4  4219(c)(5) (29 U.S.C. § 1399(c)(5)).

5       21.    ERISA Section 4301(b) (29 U.S.C. § 1451(b)) provides that an action involving an

6  employer's failure to timely make withdrawal liability payments shall be treated in the same

7  manner as a delinquent contribution within the meaning of ERISA Section 515 (29 U.S.C. §

8  1145).  Thus, Defendant and each other member within its control group are also liable for

9  liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA Sections

10 4301(b) and 502(g)(2) (29 U.S.C. § 1301(b) and 1132(g)(2)).

11      22.    Plaintiffs, therefore, seek a money judgment against Defendant, and each member

12 within its control group, awarding the entire assessed withdrawal liability plus interest, liquidated

13 damages and costs, including attorneys' fees.

**SECOND CAUSE OF ACTION**

**Injunctive Relief**

16      23.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22, above.

17      24.    Defendant has further failed to provide the Trust with the information requested

18 relating to the identity of each the member within its control group as required by ERISA Section

19 4219(a) (29 U.S.C. § 1399( a)).

20      25.    The failure of Defendant to make the quarterly withdrawal liability payments in

21 accordance with ERISA Section 4219(c)(2) (29 U.S.C. § 1399(c)(2)) has caused the Trust to

22 sustain loss of investment income and incur administrative and legal expenses.

23      26.    Defendant's failure to comply with the law has caused the Trust to suffer

24 immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at

25 law.  Thus, injunctive relief as prayed for below is proper.

**PRAYER**

27 WHEREFORE, Plaintiffs pray for the following relief:

28

6

**COMPLAINT**

1.     For a judgment providing that Defendant Safeshields Incorporated, and each member of its control group, are jointly and severally liable to immediately pay to Plaintiffs the following sums:

    (i)     the entire amount of the assessed withdrawal liability of $8,573.00 pursuant to ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5));

    (ii)     interest, pursuant to ERISA Section 4219(c)(5)-(6) (29 U.S.C. § 1399(c)(5) and (6));

    (iii)     liquidated damages equal to the greater of:

        (a)     The accrued interest on the delinquent quarterly withdrawal liability payments not paid when due at the time of judgment, or

        (b)     An amount equal to twenty percent (20%) of the amount of delinquent quarterly withdrawal payments not paid when due at the time of judgment pursuant to ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. §§ 1451(b) and 1132(g)(2)); and

    (iv)     attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA Sections 4301(e) and 502(g) (29 U.S.C. §§ 1451(e) and 1132(g)).

2.     For injunctive relief ordering Defendant Safeshields Incorporated to provide documentation of all trades or businesses which are within its control group as defined in ERISA Section 4001(b)(1) (29 U.S.C. § 1301(b)).

3.     Such other relief as this Court deems appropriate.

Dated:   July 28, 2008                    SALTZMAN & JOHNSON LAW CORPORATION

                                          By: _____
                                              Shaamini A. Babu
                                              Attorneys for Plaintiffs

7

**COMPLAINT**

Case No.